UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL B WOOD,

    Plaintiff,

v.

JOHN CROSS, et al.

    Defendant.

CASE NO. C11-5707-BHS-JRC

REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS AND DISMISS A COMPLAINT

NOTED FOR OCTOBER 28, 2011

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion to proceed in forma pauperis and a proposed complaint (ECF No. 1). The court recommends that the motion to proceed in forma pauperis be denied and that this action be dismissed because the complaint fails to state a claim and the defect cannot be cured by amendment of the complaint.

Plaintiff is a resident at the Special Commitment Center. He complains that his attorney "has failed to represent" him and "refused to communicate" with him. Plaintiff does not state the type of legal matter that is at issue. The court assumes from the pleading that plaintiff is referring to his attorney for his civil commitment proceedings (ECF No. 1).

Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniels v. Williams, 474 U.S. 327 (1986).

A defense attorney, even if they are assigned counsel, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Plaintiff may not bring a civil rights action to have his attorney in state proceedings removed. Since the claim involves plaintiff's defense attorney, it does not involve conduct committed by a person acting under color of state law. Therefore, the action should be dismissed as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 28, 2011 as noted in the caption.

Dated this 28th day of September, 2011.

J. Richard Creatura
United States Magistrate Judge